IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAIDEH HEJAZI      *
     *
     *
v.      *      Civil No. CCB-14-02974
     *
     *
OLIVERI & ASSOCIATES, LLC      *
     *
********

**MEMORANDUM**

Haideh and her husband, Nassar Hejazi, (collectively, "Hejazis" or "plaintiffs") brought suit against Oliveri & Associates, LLC ("Oliveri" or "third-party plaintiff") and Riva Trace Council, Inc. ("Riva") for violations of the Fair Debt Collection Practices Act ("FDCPA") and various Maryland laws. (Pl.'s Compl., ECF No. 2.) The suit was filed in the Circuit Court for Anne Arundel County on July 25, 2014. The defendants timely filed a notice of removal to this court on September 19, 2014. (ECF No. 5.) In September 2014, the defendants filed motions to dismiss. (Defs. Mots. Dismiss, ECF Nos. 10, 11.) On May 27, 2015, this court granted the motions to dismiss in part and denied them in part, allowing the plaintiffs to bring their FDCPA and Maryland Consumer Debt Collection Act ("MCDCA") claims. (ECF Nos. 32, 33.) On June 9, 2015, Oliveri filed its answer to the plaintiffs' complaint. (Def. Answer, ECF No. 34.)

On June 19, 2015, Oliveri timely brought a third-party complaint against Sudi Hejazi ("Sudi" or "third-party defendant"), the adult daughter of Haideh and Nassar, alleging (1) negligent misrepresentation, (2) fraudulent misrepresentation, (3) common law indemnity, and (4) conversion. (Third-Party Compl., ECF No. 35.) Currently pending before this court is Sudi's motion to dismiss the third-party complaint. (Third-Party Def. Mot. Dismiss, ECF No. 41.) The

1

issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, Sudi's motion to dismiss will be granted in part and denied without prejudice in part.

**BACKGROUND**

Sudi is the adult daughter of Haideh and Nassar Hejazi. (Third-Party Compl. ¶ 2.) She resided at property owned by the Hejazis within the Riva Trace development association ("the property"). (*Id.* ¶¶ 2, 5.) The property is subject to regular assessments from Riva. (*Id.* ¶ 5.) Oliveri provides collection services to Riva, and represents Riva in litigating its collection and other matters. (*Id.* ¶ 6.) In 2013, Oliveri served the property by mail and by posting a Notice of Intent to Record a Lien, in an attempt to collect past-due assessments. (*Id.* ¶¶ 7-8.) Oliveri alleges that Sudi opened the mail even though it was addressed to the plaintiffs. (*Id.* ¶ 9.) On August 26, 2013, Sudi called Oliveri, identified herself as "Ms. Hejazi," represented that she received the Notice of Intent to Record a Lien and that she owned the property, and made a proposal to settle the outstanding debt owed Riva. (*Id.* ¶ 10.) At Oliveri's request, Sudi emailed the settlement offer. (*Id.* ¶¶ 11, 12.) Sudi signed the email "Ms. Hejazi," but referenced previous letters from Oliveri that were sent to her "parents" at the property. (*Id.* ¶ 12.) As a result, Oliveri requested that Sudi have her parents contact it, and ceased all communications with Sudi regarding the plaintiffs' debt. (*Id.* ¶¶ 12, 13.) When plaintiffs failed to contact Oliveri to bring their account current, Oliveri filed a Statement of Lien against the property in the Anne Arundel County land records. (*Id.* ¶ 14.) In July 2014, the Hejazis sued Oliveri and Riva. (*Id.* ¶ 15.) The Hejazis paid the underlying debt owed to Riva in February 2015. (Def. Br. Resp. Mar. 18, 2015, Order 1, ECF No. 30.)

**STANDARD**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Oliveri brings four claims in its third-party complaint: (1) negligent misrepresentation, (2) fraudulent misrepresentation, (3) common law indemnity, and (4) conversion. The court will dismiss Oliveri's claims for fraudulent misrepresentation, common law indemnity, and

conversion. Oliveri's claim for negligent misrepresentation presents a closer question, and should be fully evaluated based on a more developed factual record. As the case will go forward in any event, the court will deny without prejudice Sudi's motion to dismiss the negligent misrepresentation claim.

I. Fraudulent Misrepresentation

To make out a claim of fraudulent misrepresentation under Maryland law, the plaintiff must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation. *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). The fraudulent misrepresentation claim implicates the heightened pleading standard of Fed. R. Civ. P. 9(b). That rule states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under the rule, a plaintiff alleging claims that sound in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted).

Here, Oliveri alleges "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [s]he obtained thereby," *id.*: that Sudi called Oliveri on August 26, 2013, to discuss the delinquency set forth in the Notice of

Intent to Record a Lien in order to settle the outstanding debt, and falsely represented that she owned her parents' property. (Third-Party Compl. ¶ 10.) However, Oliveri fails to allege the third element of fraudulent misrepresentation—an intent to defraud—in its third-party complaint. It is true that intent "may be alleged generally." Fed. R. Civ. P. 9(b). But conclusory allegations are insufficient to survive a motion to dismiss, and Oliveri offers only that. (*See, e.g.*, Third-Party Compl. ¶ 30 ("The false misrepresentations were made by Ms. Hejazi for the purpose of defrauding Oliveri.").) The fact that Sudi referenced her parents in the settlement proposal she subsequently emailed Oliveri suggests she was not attempting to disguise the property's true ownership and counsels against finding an intent to defraud. Oliveri has failed to meet the heightened pleading standard of Rule 9(b) with regard to Sudi's intent to defraud, and its claim for fraudulent misrepresentation will be dismissed.

II.     Common Law Indemnity

It is "well established under Maryland law that one who is guilty of active negligence cannot obtain tort indemnification." *Franklin v. Morrison*, 711 A.2d 177, 187 (Md. 1998) (citing cases). A court thus must distinguish between whether a tortfeasor's negligence was active or passive. To make this determination, "courts refer to the plaintiff's complaint against the defendant seeking to implead the third party." *Richards v. Freeman*, 179 F. Supp. 2d 556, 560 (D. Md. 2002). "If the alleged conduct attributed to the third-party plaintiff is active negligence, or if it is clear from the complaint that the third-party plaintiff's negligence would only arise from proof of active negligence, then there is no valid claim for indemnity." *Id.*

In this case, the Hejazis allege that Oliveri and Riva communicated with Sudi about their alleged debt to Riva, in contravention of the FDCPA and MCDCA. (*See* Pl.'s Compl. ¶¶ 44-77.) Thus, a judgment against Oliveri would necessarily require a factual finding that Oliveri was

"actively" negligent, and it would not be entitled to indemnification from a third-party even if that party also engaged in wrongful conduct. Accordingly, Oliveri's indemnification claim must be dismissed.

III. Conversion

Conversion is "a distinct act of ownership or dominion exerted by a person over the personal property of another which either denies the other's right or is inconsistent with it." *Staub v. Staub*, 376 A.2d 1129, 1131 (Md. Ct. Spec. App. 1977); *see also United States v. Arora*, 860 F. Supp. 1091, 1097 (D. Md. 1994), *aff'd*, 56 F.3d 62 (4th Cir. 1995). To recover for conversion, "one must either have been in actual possession or have had the right to *immediate possession*" in the converted asset. *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1066 (Md. Ct. Spec. App. 1986) (alteration in original). Oliveri's conversion claim fails because, once the Notice had been addressed to the Hejazis and sent to their address by regular mail, it was the Hejazis, not Oliveri, who had the right to immediate possession.

**CONCLUSION**

For the reasons stated above, this court will grant Sudi's motion to dismiss Oliveri's fraudulent misrepresentation, common law indemnity, and conversion claims, and deny without prejudice Sudi's motion to dismiss the negligent misrepresentation claim. A separate order follows.

| 11/5/2015 | /s/ |
|---|---|
| Date | Catherine Blake |
| | United States District Judge |